Filed 5/20/24  P. v. Brown CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TABATHA DARNELL BROWN,<br><br>    Defendant and Appellant. | B331971<br><br>(Los Angeles County<br>Super. Ct. No.<br>NA020150) |

APPEAL from an order of the Superior Court of Los Angeles County, Richard M. Goul, Judge.  Affirmed.

Nancy Gaynor, under appointment by the Court of Appeal; Tabatha Brown, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

A jury convicted Tabatha Brown in 1996 of, among other crimes, the first degree murder of Ruby Chong, with a true finding on a felony-murder special-circumstance allegation, and of conspiracy to commit murder. We affirmed the convictions. (*People v. Brown* (July 15, 1997, B102674) [nonpub. opn.] (*Brown I*).)

On June 5, 2023 the superior court denied Brown's petition for resentencing under Penal Code section 1172.6[1] without issuing an order to show cause. The court ruled Brown was ineligible for resentencing as a matter of law because the court had previously found her ineligible for relief. Brown appealed.

We appointed counsel to represent Brown in this appeal. After reviewing the record, Brown's appointed appellate counsel filed a brief that did not identify any arguable issues. After independently reviewing the record and the contentions presented by Brown in her two-page supplemental brief, we have not identified any either. Therefore, we affirm.

## FACTUAL BACKGROUND

A. *A Jury Convicts Brown of First Degree Murder, and We Affirm*

In November 1993 Chong hired Brown to live with and care for her 88-year-old mother, Fay Dawson, who lived on the same block as Chong and Chong's sister, Delena Deane.[2] Shortly after

---

[1]     Statutory references are to the Penal Code.

[2]     We provide a recitation of the facts as stated in *Brown I* as background only and do not rely on the facts for purposes of this appeal. (See *People v. Lee* (2023) 95 Cal.App.5th 1164, 1183 ["the

2

Brown began working as Dawson's caregiver, Dawson fell and was seriously injured.  When it became apparent Dawson would not be able to return home, Chong terminated Brown's employment, but allowed her to stay in Dawson's home through the end of the month (November 1993).

On December 1, 1993 Brown, her sister, and a friend stole some items from Deane's home while visiting her.  The next day Brown, her sister, and a different friend went to Chong's home, robbed her, and killed her.  Chong's body was discovered the following day in a chair with a rope tightly wound around her neck.  Chong's face was scratched and bruised, her chest was cut, and she had a deep gash in her neck.

A jury convicted Brown on one count of first degree murder (§ 187, subd. (a)) and found true the allegation she committed the murder during the commission of a robbery, within the meaning of section 190.2, subdivision (a)(17); two counts of conspiracy to commit murder (§ 182, subd. (a)(1)); one count of robbery (§ 211); and one count of burglary (§ 459).  The trial court sentenced Brown to life without the possibility of parole on the murder conviction and imposed concurrent terms on her other convictions.[3]  We affirmed the convictions, modified the judgment to stay execution of the prison term for robbery under section 654, and corrected the abstract of judgment.  (*Brown I*, *supra*, B102674.)

---

factual summary . . . may not be used to determine a petitioner's eligibility at the prima facie stage"]; *People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113 [same].)

[3]     The sentences on the convictions for robbery and burglary were concurrent to each other but consecutive to the murder and conspiracy convictions.

B.    *Brown's First Petition for Resentencing*

On March 29, 2019 Brown filed a petition for resentencing under former section 1170.95, which, as amended effective January 1, 2022, authorized certain individuals convicted of murder under the felony-murder rule or murder, attempted murder, or voluntary manslaughter under the natural and probable consequences doctrine to petition the superior court for resentencing.  Brown checked boxes on the form petition to establish her eligibility for resentencing, including the boxes stating she had been convicted of first degree murder under the felony-murder rule, was not the actual killer, and could not now be convicted of first or second degree murder because of changes the Legislature made to sections 188 and 189.  (Stats. 2018, ch. 1015.)

The superior court denied Brown's petition without issuing an order to show cause, ruling she had not made a prima facie showing of eligibility for relief "by reason of the conspiracy to commit murder which does require an intent to kill."  We affirmed the order denying the petition for resentencing.  (*People v. Brown* (Aug. 3, 2022, B317776) [nonpub. opn.] (*Brown II*).)

C.    *Brown's Second Petition for Resentencing*

On May 5, 2023 Brown, representing herself, filed another form petition for resentencing under section 1172.6.  Brown checked the box indicating she "could not presently be convicted of murder or attempted murder because of changes made to

4

Penal Code §§ 188 and 189, effective January 1, 2019" and asked the court to appoint counsel for her.

On June 5, 2023 the superior court summarily denied the petition without appointing counsel. The court ruled that it "previously found petitioner ineligible for relief under [section] 1172.6" and that we had "affirmed that denial. . . . The petition for resentencing is denied again with prejudice." Brown timely appealed.

## DISCUSSION

We appointed counsel to represent Brown on appeal from the order denying her second petition for resentencing. After reviewing the record, appointed counsel filed a brief that did not identify any arguable issues. Appointed counsel advised Brown that she was filing a brief stating she was unable to find any arguable issues and that Brown had a right to file a supplemental brief. Appointed counsel also sent Brown a copy of the brief, as well as the transcripts of the record on appeal.

On April 9, 2024 we received a two-page, handwritten supplemental brief from Brown. In her supplemental brief, Brown argues she is now "a grown woman who has taken responsibility for my part in my crime. I have taken many, many groups to help me grow and become a changed responsible woman." Brown explained that she has not had a single incident of violence in prison, that she now knows what her "triggers" are and "how to deal with them in a positive way," and that she would like "the chance to give back to society." Brown also expressed remorse for Chong's murder, but argued she "did not

5

take Ruby Chong's life nor did [she] plan to take her life. It's all he said, she said."

Effective 2019, the Legislature eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly limited the scope of the felony-murder rule. (*People v. Reyes* (2023) 14 Cal.5th 981, 984; *People v. Strong* (2022) 13 Cal.5th 698, 707-708; *People v. Lewis* (2021) 11 Cal.5th 952, 957; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843, 847-848.) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on an individual's participation in a crime and requires proof of malice to convict a principal of murder, except under the revised felony-murder rule in section 189, subdivision (e). Section 189 requires the People to prove that the defendant was the actual killer (§ 189, subd. (e)(1)); that the defendant, though not the actual killer, with the intent to kill aided or assisted in the commission of the murder (§ 189, subd. (e)(2)); or that the defendant was a major participant in a felony listed in section 189, subdivision (a), and "acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2," the felony-murder special-circumstance provision (§ 189, subd. (e)(3)). (*People v. Curiel* (2023) 15 Cal.5th 433, 448; see *People v. Wilson* (2023) 14 Cal.5th 839, 868-869; *Strong*, at p. 708; *Gentile*, at pp. 842-843; *People v. Cody* (2023) 92 Cal.App.5th 87, 105.) Under section 1172.6 a defendant convicted of murder may file a resentencing petition "when all of the following conditions apply": (1) the charging document filed against the petitioner allowed the prosecution to proceed under a theory of felony murder or another theory of imputed malice; (2) the petitioner was convicted of murder, attempted murder or manslaughter following a trial or plea proceeding at which the

petitioner could have been convicted of murder or attempted murder; and (3) the "petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (a).)

Brown was convicted of conspiracy to commit murder.[4] "[A] conviction of conspiracy to commit murder requires a finding of intent to kill, and cannot be based on a theory of implied malice." (*People v. Swain* (1996) 12 Cal.4th 593, 607; see *People v. Medrano* (2024) 98 Cal.App.5th 1254, 1264 ["A person cannot be convicted of conspiracy to commit first degree murder based on . . . 'imputed' malice"].) Thus, a person convicted of conspiracy to commit murder is not eligible for resentencing under section 1172.6 on a murder conviction.[5] (See *People v. Allen* (2023) 97 Cal.App.5th 389, 395-396 [defendant is not eligible for relief under section 1172.6 if she was "convicted . . . of murder . . .

---

[4] The trial court instructed the jury with CALJIC No. 6.10 as follows: "A conspiracy is an agreement entered into between two or more persons with the specific intent to agree to commit the public offense of murder and with the further specific intent to commit such offense . . . ." (*Brown I, supra,* B102674; cf. *People v. Whitson* (2022) 79 Cal.App.5th 22, 34 ["trial court's deletion of the phrase 'and with the further specific intent to commit [murder]' from the jury instruction on conspiracy to [commit] murder precludes a finding that [the petitioner] is ineligible for section 1170.95 relief as a matter of law with respect to his murder and attempted murder convictions"].)

[5] A person is not eligible for resentencing under section 1172.6 on a conviction for conspiracy to commit murder. (*People v. Lovejoy* (May 2, 2024, D080941) ___ Cal.App.5th ___, ___ [2024 WL 1925340, p. 5]; *People v. Whitson* (2022) 79 Cal.App.5th 22, 36.)

on a conspiracy theory"]; *People v. Medrano* (2021) 68 Cal.App.5th 177, 182-183 [defendant convicted of conspiracy to murder is ineligible for relief under section 1172.6].)  Because the jury found Brown had the intent to kill Chong, she can be convicted of murder beyond a reasonable doubt on a theory of liability that remains valid under section 1172.6.  (See *People v. Strong*, *supra*, 13 Cal.5th at p. 708 ["If the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition"].)

Neither Brown nor her appellate counsel has identified a cognizable legal issue, and our independent review has not identified one either.  The order denying Brown's petition for resentencing is affirmed.  (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 231-232; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.)

## DISPOSITION

The order is affirmed.

SEGAL, J.

We concur:

MARTINEZ, P. J.

FEUER, J.

8